# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1455V
UNPUBLISHED

|  |  |
|---|---|
| CHEKESHA GOODWIN, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 4, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On June 10, 2021, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of her September 30, 2020 influenza ("flu") vaccination. Petition at ¶¶ 4, 20-21; Stipulation, filed at April 3, 2023, ¶¶ 1-2, 4. Petitioner further alleges the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Petition at ¶¶ 4, 24-26; Stipulation at ¶¶ 4-5. Respondent "denies that the flu vaccine caused petitioner to suffer a shoulder injury or any other injury or her current condition and denies that petitioner sustained a SIRVA Table injury." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on April 3, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

a. **A lump sum of $48,000.00 in the form of a check payable to Petitioner; and**

b. **A lump sum of $1,978.17, representing reimbursement of a State of Texas Medicaid lien for services rendered to Petitioner by Anthem Blue Cross and Blue Shield ("Anthem"), in the form of a check payable jointly to Petitioner and Anthem:**

**Anthem**
**P.O. Box 659940**
**San Antonio, TX 78265-9939**
**File No. # 117295620**

**Petitioner agrees to endorse this check to Anthem.**

Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CHEKESHA GOODWIN,                        *
                                         *
                      Petitioner,        *        No. 21-1455V
                                         *        Chief Special Master Corcoran
v.                                       *        ECF
                                         *
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
                      Respondent.        *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

The parties hereby stipulate to the following matters:

1.     Chekesha Goodwin ("petitioner") filed a petition for vaccine compensation under

the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3 (a).

2.     Petitioner received flu immunizations on September 30, 2020.

3.     These vaccines were administered within the United States.

4.     Petitioner alleges that he sustained a Shoulder Injury Related to Vaccine

Administration ("SIRVA") as defined in the Table and alleges that she has suffered the residual

effects of her alleged injury for more than six months.

5.     Petitioner represents that there has been no prior award or settlement of a civil

action for damages on her behalf as a result of his condition.

6.     Respondent denies that the flu vaccine caused petitioner to suffer a shoulder injury or

any other injury or her current condition and denies that petitioner sustained a SIRVA Table

injury.

   7.     Maintaining their above-stated positions, the parties nevertheless now agree that

the issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

   8.     As soon as practicable after an entry of judgment reflecting a decision consistent

with the terms of this Stipulation, and after petitioner has filed an election to receive

compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human

Services will issue the following vaccine compensation payments:

   A.     A lump sum of **$48,000.00** in the form of a check payable to petitioner; and

   B.     A lump sum of **$1,978.17,**[1] representing reimbursement of a State of Texas
          Medicaid lien for services rendered to petitioner by Anthem Blue Cross and Blue
          Shield ("Anthem"), in the form of a check payable jointly to petitioner and
          Anthem:

                              Anthem
                         P.O. Box 659940
                    San Antonio, TX 78265-9939
                       File No. # 117295620

          Petitioner agrees to endorse this check to Anthem.

These amounts represent compensation for all damages that would be available under 42 U.S.C.

§ 300aa-15(a).

   9.     As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or
cause of action Anthem may have against any individual as a result of any Medicaid payments
Anthem has made to or on behalf of Chekesha Goodwin as a result of her alleged vaccine-related
injury suffered on or about September 30, 2020, under Title XIX of the Social Security Act, see
42 U.S.C. § 300aa-15(g), (h).

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely

3

brought in the Court of Federal Claims, under the National Vaccine Injury Compensation
Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all
known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting
from, or alleged to have resulted from, a flu vaccination administered on September 30, 2020, as
alleged by petitioner in a petition for vaccine compensation filed on or about June 10, 2021, in
the United States Court of Federal Claims as petition No. 21-1455V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be
voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the
terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity
with a decision that is in complete conformity with the terms of this Stipulation, then the parties'
settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability
and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,
except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of
the parties hereto to make any payment or to do any act or thing other than is herein expressly
stated and clearly agreed to.  The parties further agree and understand that the award described in
this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or
amount of damages, and further, that a change in the nature of the injury or condition or in the
items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States or the
Secretary of Health and Human Services that the flu vaccine caused or significantly aggravated
petitioner's alleged shoulder injury, or any other injury or her current condition.

4

18.     All rights and obligations of petitioner hereunder shall apply equally to

petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

5

Respectfully submitted,

**PETITIONER:**

*Chekesha Goodwin*
Chekesha Goodwin (Mar 28, 2023 08:36 PDT)
CHEKESHA GOODWIN

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

JIMMY A. ZGHEIB
Attorney for Petitioner
Zgheib Sayadm, P.C.
75 South Broadway, 4th Floor
White Plains, NY 10601
Telephone: (914) 729-1110
Email: jim@vaccinelawyers.com

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

Henry P.      Digitally signed by Henry
              P. Mcmillan -S3
by Mcmillan -S3 Date: 2023.03.27 08:56:22
                -04'00'
CDR GEORGE GRIMES, MD, MPH
Director, Division of Injury
Compensation Programs
Health Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 4/3/23

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-4014
jamica.m.littles@usdoj.gov

6