**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 21-1455V**
(not to be published)

| | |
|---|---|
| CHEKESHA GOODWIN,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: May 23, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Jimmy A. Zgheib*, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.

*Jamica Marie Littles*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 10, 2021, Chekesha Goodwin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration – as a result of her September 30, 2020 influenza vaccination. Petition at ¶¶ 4, 20-21. On April 4, 2023, I issued a Decision awarding compensation to Petitioner, based upon the parties' stipulation. ECF No. 32.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $29,176.08 (representing $28,443.20 in fees and $732.88 in costs). Petitioner's Application for Attorneys' Fees and Costs, ECF No. 36. In addition, in accordance with

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 36-3. Respondent did not file a response.

On April 8, 2023, Petitioner filed a supplemental brief to support her application for Attorney's Fees and Costs. ECF No. 37. In response to my order, on May 19, 2023, she provided additional information regarding Mr. Sayad's bar admission date, and requested an additional $741.20 in attorney's fees related to these two filings. ECF No. 40.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

Petitioner requests compensation for attorney Jimmy Zgheib, associate Joseph Sayad, and paralegals at the following rates:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| Jimmy Zgheib | $275 | $300 | $330 | $380 |
| Joseph Sayad | X | $285 | X | $320 |
| Paralegals | $125 | $148 - $172 | $165 - $177 | $161 - $186 |

ECF No. 36-1. The requested rates for time billed by Mr. Zgheib and Mr. Joseph Sayad between 2020 and 2022 are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners.

For time billed in 2023, however, Mr. Zgheib has previously been awarded the rate of $360 for time billed in 2023. *See Meharry v. Sec'y of Health & Hum. Servs.,* No. 21-1480V, Slip Op. 45, (Fed. Cl. Spec. Mstr. April 7, 2023); *Grizzell v. Sec'y of Health & Hum. Servs.,* No. 21-1191V, Slip Op. 36 (Fed. Cl. Spec. Mstr. Apr. 7, 2023). In this case, his time in the initial fee application was billed at a rate of $380. ECF No. 36-1 at 18. In the supplemental briefing filed on May 19, 2023, the appropriate rate of $360 was used. ECF No. 40-2 at 2. Accordingly, for the instances when a rate of $380 per hour was used, I will reduce Mr. Zgheib rate to $360 per hour for 2023, to be consistent with what has been previously awarded. This results in a reduction of **$112.00**.[3]

Petitioner requests $320 per hour for .4 hours of time billed in 2023 by Mr. Joseph Sayad. ECF No. 40-2 at 2. Although this hourly rate is below the range for Mr. Sayad's level of experience (8 to 10 years), I will award the amount requested. *See* 2023 Attorneys' Forum Hourly Rate Fee Schedule at http://www.uscfc.uscourts.gov/node/2914 (last visited May 22, 2023). However, Mr. Joseph Sayad may request a higher 2023 hourly rate in future fees applications.

---

[3] This amount is calculated as follows: $380 - $360 = $20 x 5.6 hrs. = $112.

## ATTORNEY COSTS

Petitioner requests $732.88 in overall costs. ECF No. 36-2. She has provided receipts for all but one expense of $13.00 for obtaining medical records from Dignity Health. *Id.* However, these records clearly were obtained, and the requested amount is reasonable. Thus, I will nevertheless allow reimbursement of this unsubstantiated cost. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$29,805.28 (representing $29,072.40 in fees and $732.88 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.